UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. VIEIRA, | CASE No. 1:12-cv-0044-AWI-MJS (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| ARNOLD SCHWARZENEGGER, et al., | (ECF No. 19) |
| Defendants. | |
| _____/ | |

## I.  PROCEDURAL HISTORY

Richard J. Vieira, ("Plaintiff"), a state death row prisoner proceeding pro se, filed this action on January 9, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On September 17, 2012, the Court adopted Findings and Recommendations filed May 22, 2012, dismissed the action without prejudice, denied Plaintiff's Motion for Consideration of Recusal (ECF No. 16), directed the Clerk to terminate all pending motions and close the file (ECF No. 17), and entered Judgment thereon. (ECF No. 18.)

On September 28, 2012, Plaintiff filed a Motion for Reconsideration (ECF No. 19) asserting that Chief Judge Anthony Ishii is disqualified and the Judgment is erroneous and seeking rehearing, reversal of judgment, and thereupon transfer of all Plaintiff's cases to the Northern District of California. This Motion is now before the Court.

## II.  ANALYSIS

Rule 60(b)(6) allows the Court to relieve a party from a final judgment, order, or

proceeding for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . . " of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir.1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal.1986), aff'd in part and rev'd in part, 828 F.2d 514 (9th Cir. 1987).

**A.   Disqualification**

Plaintiff questions the impartiality of the undersigned and provides an affidavit meant to show personal bias or prejudice against him.[1]

---

[1] Plaintiff cites to 28 U.S.C. § 455(a) (any judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."), and 28 U.S.C. § 144 ("[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in

A judge has an affirmative duty to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455; Liteky v. United States, 510 U.S. 540, 552 (1994). The substantive standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997). The alleged bias must stem from an "extrajudicial source." Liteky, 510 U.S. at 544-56. Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008).

Plaintiff reiterates previously denied recusal claims that the undersigned has ignored and/or not corrected and/or is complicit in federal rights deprivations by California courts. (Mot. for Recons. at 1-2.) He additionally asserts a disqualifying personal interest or bias (Id. at 4), apparently based upon rulings by the undersigned in his pending habeas matter, Richard John Vieira v. S.W. Ornoski, et al., E.D. Cal. Case No. 1:05-cv-01492-AWI, and a previously dismissed prisoner complaint, Theodore Shove v. United States District Court Judges, et al., D.C.D. Case No. 1;09-cv-02316-UNA, alleging civil and criminal violations by federal judges including the undersigned.[2] (Id. at 1, Aff. in Supp. at ¶ 3.)

Plaintiff's arguments arising from the undersigned's judicial conduct continue to be insufficient for disqualification in the absence of facts of deep-seated favoritism or antagonism. He offers no facts suggestive of favoritism or antagonism. His reiterated recusal claims fail for the reasons previously noted by the Court. (ECF No. 17 at 2:17-3:21.)

His mere citation to Shove which named the undersigned as a defendant in

---

favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.")

[2] Theodore Shove v. United States District Court Judges, et al., D.C.D. Case No. 1;09-cv-02316-UNA, dismissed without prejudice on Heck grounds on January 25, 2010, affirmed February 2, 2011.

-3-

prisoner litigation dismissed without prejudice well before filing of the instant action is not alone sufficient for disqualification under the above standards.

His affidavit in support of disqualification is entirely conclusory, based upon conjecture and surmise.

### B.  Younger Abstention

Plaintiff asserts that Younger abstention is no longer a bar to consideration of his federal claims.

Plaintiff correctly notes, and the Court takes notice that on July 18, 2012 his state petition for writ of habeas corpus, Vieira (Richard) on Habeas Corpus, Case No. S193257, was stricken by the California Supreme Court as filed in error. This state court action obviates the Younger abstention bar included in the Court's September 17, 2012 Judgment dismissing this action.

However, this error is harmless. (Fed. R. Civ. P. 61.) Pursuant to the Court's Judgment and for the reasons stated therein Plaintiff's claims remain barred under Heck and fail to state any cognizable civil rights claim under 42 U.S.C. §§ 1983 and 1985.

### III.  CONCLUSION AND ORDER

Plaintiff has not met his burden as party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. He has not shown clear error or other meritorious grounds for relief from Judgment entered in this action.

Accordingly, for the foregoing reasons, it is HEREBY ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 19), is DENIED.

IT IS SO ORDERED.

Dated:   October 26, 2012

CHIEF UNITED STATES DISTRICT JUDGE